## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Theresa Santos Pereira

v.

Anthony Simmons Pereira, Jr.

November 16, 1971

By JUDGE A. CHRISTIAN COMPTON

The two issues remaining undecided following the last hearing herein on November 8, 1971, are, first, whether Donna and Michael should be required by the court to be raised in the Catholic faith and, second, whether the legal custody of Anthony should be changed to his mother and whether Mr. Pereira should be required to pay a sum regularly for the support of Anthony.

Upon review of the law, it is obvious to the court that it should not order the two children aforesaid to receive religious training in a specific religious faith. It is generally held that the religious training of minor children, or lack of it, is a matter solely within the parents' control and one over which the courts have no authority. Where the parents are separated, the award of custody to one parent normally carries with it the right to fully control the child's religious upbringing. 59 Am. Jur. 2d, Parent and Child, § 22, p. 104; 27B C.J.S. Divorce, 309(9), pp. 472-473. Moreover, the objection by one parent to the other parent's decision as to the direction of the child s religious training is not ordinarily sufficient to deprive the parent of custody thereof. 59 Am. Jur. 2d, p. 109. Being guided by

the applicable law, therefore, the court declines the plaintiff's motion that the custody of these two children should be changed because they are not being reared in the Catholic faith but are receiving Baptist training, and it also declines to direct Mr. Pereira to raise these children in the Catholic faith.

As to the request for the change of custody of Anthony, the court finds that the plaintiff has failed to present sufficient proof that his welfare would be better served if his mother were granted legal custody. It appears that the parents have entered into a tentative agreement whereby he will remain with his mother in Oklahoma. Mr. Pereira testified that there was no agreement between him and Mrs. Pereira to the effect that he would pay child support. While the court is not bound by any agreement of the parents with relation to payment of child support and while, upon there being presented sufficient proof of need, the court may properly require the father to support the child under these circumstances, the evidence here is not sufficient for the court to either direct a change in custody or to direct that Mr. Pereira pay an amount toward the support of Anthony while he is living with his mother in Oklahoma, the legal custody being in Mr. Pereira.